# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 28, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| JODY MADALA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1182V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Heather Marie Schneider, The Locks Law Firm, Philadelphia, PA, for Petitioner.
Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 13, 2019, Jody Madala ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from acute renal failure and/or Goodpasture's syndrome as a result of receiving an influenza ("flu") vaccination on October 11, 2016. Petition at Preamble (ECF No. 1). On May 29, 2024, the undersigned issued a decision dismissing Petitioner's case. Decision dated May 29, 2024 (ECF No. 115).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On November 25, 2024, Petitioner filed an application for attorneys' fees and costs, followed by an amendment of costs on June 23, 2025. Petitioner's Motion for Fees and Costs ("Pet. Mot."), filed Nov. 25, 2024 (ECF No. 118); Pet. Mot. to Amend and Correct ("Pet. Am. Costs"), filed June 23, 2025 (ECF No. 120). Petitioner requests compensation in the following amount:

**Attorneys' Fees:** $51,377.50
**Attorneys' Costs:** $30,348.91

Petitioner thus requests a total of $81,726.41. Respondent filed a response on December 6, 2024, stating he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Dec. 6, 2024, at 2 (ECF No. 119). The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of **$67,492.52**.

I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

   A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is

2

"well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her attorneys: for Ms. Heather Schneider, $350.00 per hour for work performed from 2022 through 2024; for Mr. Jerry Lindheim, $550.00 per hour for work performed from 2017 through 2022; and for Mr. Timothy Burke, $325.00 per hour for work performed from 2019 through 2022. For the following reasons, the undersigned finds these rates require adjustment.

First, Ms. Schneider's flat rate of $350.00 per hour requires adjustment. According to her firm's website, she graduated law school in 2017 and began working at The Locks Law Firm in 2019. It appears Ms. Schneider has minimal vaccine experience. See Decastro v. Sec'y of Health & Hum. Servs., No. 17-1973V, 2025 WL 1927576, at *2-3 (Fed. Cl. Spec. Mstr. June 17, 2025) (noting no prior decision awarding Ms. Schneider's rates). As such, in accordance with the OSM Attorneys' Forum Hourly Rate Fee Schedule,[3] the undersigned finds the following hourly rates and reductions reasonable and appropriate:

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|------|--------------|-------------------|-------|----------------|
| 2022 | $275.00 | $75.00 | 31.7 | **$2,377.50** |
| 2023 | $290.00 | $60.00 | 10.6 | **$636.00** |
| 2024 | $305.00 | $45.00 | 3.6 | **$162.00** |
| | | | **Total Reduction** | **$3,175.50** |

As to Mr. Lindheim, the undersigned notes his rate of $550.00 per hour has previously been rejected and requires adjustment. See Decastro, 2025 WL 1927576, at *2. Mr. Lindheim has previously been awarded $382.50 for work performed in 2017, $400.00 for work performed in 2018, $425.00 for work performed in 2019, $445.00 for work performed in 2020, and $465.00

---

[3] The fee schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

3

per hour for work performed in 2021.  Id.; Halverson v. Sec'y of Health & Hum. Servs., No. 15-227V, 2021 WL 2768339, at *2-3 (Fed. Cl. Spec. Mstr. May 25, 2021); Nocille v. Sec'y of Health & Hum. Servs., No. 19-0810V, 2022 WL 2827482, at *2 (Fed. Cl. Spec. Mstr. June 16, 2022).  The undersigned finds no reason to deviate from these rates.  As for Mr. Lindheim's 2022 rate, the undersigned finds a rate of $485.00 reasonable and appropriate.  This results in the following reductions:

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|---|---|---|---|---|
| 2017 | $382.50 | $167.50 | 13.2 | **$2,211.00** |
| 2018 | $400.00 | $150.00 | 4.1 | **$615.00** |
| 2019 | $425.00 | $125.00 | 9.6 | **$1,200.00** |
| 2020 | $445.00 | $105.00 | 9.9 | **$1,039.50** |
| 2021 | $465.00 | $85.00 | 11.0 | **$935.00** |
| 2022 | $485.00 | $65.00 | 7.7 | **$500.50** |
| | | | **Total Reduction** | **$6,501.00** |

And lastly, as to Mr. Burke, the undersigned notes Mr. Burke's flat rate of $325.00 has also been rejected previously and requires adjustment.  See Decastro, 2025 WL 1927576, at *2; Nocille, 2022 WL 2827482, at *2.  He has previously been awarded $230.00 per hour for work performed in 2019, $260.00 per hour for work performed in 2020, and $275.00 per hour for work performed in 2021.  Nocille, 2022 WL 2827482, at *2.  Again, the undersigned finds no reason to deviate from these rates, and will similarly reduce Mr. Burke's rates for work performed in these years.  For his 2022 rate, the undersigned finds $300.00 per hour to be a reasonable and appropriate rate.  This results in the following reductions:

| Year | Rate Awarded | Reduction in Rate | Hours | Amount Reduced |
|---|---|---|---|---|
| 2019 | $230.00 | $95.00 | 10.7 | **$1,016.50** |
| 2020 | $260.00 | $65.00 | 3.0 | **$195.00** |
| 2021 | $275.00 | $50.00 | 1.1 | **$55.00** |
| 2022 | $300.00 | $25.00 | 0.6 | **$15.00** |
| | | | **Total Reduction** | **$1,281.50** |

Overall, the rate reductions result in a total reduction of **$10,958.00**.[4]

    **ii.**    **Reasonable Hours Expended**

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the

---

[4] $3,175.50 + $6,501.00 +$1,281.50 = $10,958.00.

amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds reductions necessary for the following reasons.

First, Mr. Lindheim and Ms. Schneider engaged in excessive billing practices. Mr. Lindheim billed 4.0 hours for "Review VAERS report" on March 15, 2018. Pet. Mot. at 2. Ms. Schneider billed 3.0 hours for "Review VAERS report" on May 5, 2022. Id. at 9. The VAERS report is less than two pages in length and mostly consists of Petitioner's personal information (i.e., name, date, contact information) and pharmacy/vaccine administrator information. See Pet. Ex. 9. The "Adverse Event & Event Outcomes" section contains less than 10 lines of information. See id. There is no explanation as to why these attorneys needed a total of seven hours to read a less than two page document.

Next, Mr. Lindheim also billed his full rate for "Travel to meet client" on June 27, 2017. Pet. Mot. at 2. Time spent traveling when no other work was being performed is typically compensated at one-half the applicable hourly rate. See, e.g., Hocraffer v. Sec'y of Health & Hum. Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez, 2009 WL 2568468, at *21; English v. Sec'y of Health & Hum. Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

Additionally, Mr. Lindheim, Mr. Burke, and Ms. Schneider billed for paralegal tasks at an attorney rate.[5] Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. See, e.g., Doe/11 v. Sec'y of Health & Hum. Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins. v. Sec'y of Health & Hum. Servs., No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. Sec'y of Health & Hum. Servs., No. 99-535V, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). This is not a new issue to counsel. See, e.g., Nocille, 2022 WL 2827482, at *2.

---

[5] For example, Mr. Lindheim billed for "receive and review" of "Notice of Designation of Electronic Case," "Order directing HHS entry of appearance," "case assignment," "HHS Entry of Appearance," "Case Reassignment Order," and "Notice of Reassignment." Pet. Mot. at 2-3. Mr. Burke, for example, billed for "Phone call with Walgreens re required request procedures and status of record request" and "Phone call with CIOX re required request procedures and status of record request." Id. at 7. And Ms. Schneider, for example, billed for "Receive and review Minute Entry." Id. at 10. This is not an exhaustive list.

5

Lastly, Mr. Lindheim, Mr. Burke, and Ms. Schneider billed for non-compensable tasks (e.g., preparing and filing documents).[6] It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them."). The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable. See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).

For the above-mentioned reasons, the undersigned finds a reduction necessary and appropriate here. A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen, 102 Fed. Cl. at 729. It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided. Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107,111 (2017). Special masters need not explain how many hours are appropriate. Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 702 (2016). "It would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'" Abbott, 135 Fed. Cl. at 112 (quoting Fox, 563 U.S. at 838).

---

[6] For example, see Mr. Lindheim's entries dated August 16, 2019 (billing one hour for "Prepare and file Petitioner's Notice of Filing of Medical Records P1 through P9 in support Petition"); August 28, 2019 (billing 0.2 hours for "Prepare and file Motion to Strike Notice of Filing of Medical Records Included in Petition"); September 3, 2019 (billing 0.5 hours for "Prepare and File Notice of Filing Medical Records"). Pet. Mot. at 3. For Mr. Burke, see, for example, entries dated August 9, 2019 (billing 2.5 hours for "organize exhibits to file," in part); August 13, 2019 (billing 3.0 hours for "File petition and prepared paper copy with all organized exhibits to be served HHS"). Id. at 7. And for Ms. Schneider, see, for example, entries dated March 11, 2022 (billing 0.3 hours for "Prepare and file Full Article by Watanabe, T."); March 14, 2022 (billing 0.6 hours for "Prepare documentation for Dr. Davidson's review"); April 4, 2022 (billing 0.8 hours for "Prepare and file additional medical records and updated exhibit list" and "Prepare and file Unopposed Motion for Extension of Time"); June 3, 2022 (billing 0.2 hours for "Prepare and file Unopposed Motion for Extension of Time"); August 2, 2022 (billing for "Prepare and file Motion for Extension of Time"); May 2, 2024 (billing 0.3 hours for "Prepare and file additional documentation"). These lists are not exhaustive.

Given the number of issues with counsel's billing entries, the undersigned finds a percentage reduction of 2% appropriate. This results in a further reduction of **$808.39**.[7]

### B.     Reasonable Attorneys' Costs

Petitioner requests costs of $30,348.91, which represents costs related to medical records and expert fees from Dr. Gourang Patel, Dr. Carl Goldstein, and Dr. Dennis Kim. The undersigned finds the costs well-documented.

Dr. Patel's requested rate of $350.00 per hour has previously been accepted, and as such the undersigned will award his expert fees in full. See Halverson, 2021 WL 2768339, at *5. However, Dr. Goldstein's and Dr. Kim's rates have not yet been determined.

Dr. Goldstein is a board-certified nephrologist. Pet. Ex. 30 at 4. He charged a rate of $495.00 per hour, which the undersigned finds reasonable and in accordance with what other nephrologists have been awarded. See, e.g., Tejeda v. Sec'y of Health & Hum. Servs., No. 20-525V, 2023 WL 2424896 at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2023) (awarding nephrologist $500.00 per hour).

Dr. Kim billed $7,467.50 for 14.5 hours of work at a rate of $515.00 per hour. Petitioner did not file a report from Dr. Kim, nor is there an explanation of his background and qualifications.[8] Furthermore, it does not appear that Dr. Kim has testified previously in the Vaccine Program. Therefore, the undersigned cannot assess his credentials or credibility. As such, the undersigned finds a reduction of his bill appropriate. The undersigned finds $5,000.00 to be appropriate for an expert who did not provide an expert report in this matter, resulting in a reduction of **$2,467.50**.[9] In making to this finding, the undersigned does not endorse a rate of $515.00 per hour for Dr. Kim given the lack of information and knowledge of his work product and credentials.

## II.    CONCLUSION

Based on all the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $51,377.50 |
| Reduction of Attorneys' Fees: | - $11,766.39 |
| Awarded Attorneys' Fees: | $39,611.11 |

---

[7] ($51,377.50 - $10,958.00) x 0.02 = $808.39.

[8] On review of the docket, Petitioner was seeking an expert report from an immunologist around the time of Dr. Kim's bill.

[9] $7,467.50 - $5,000.00 = $2,467.50.

| | |
|---|---|
| Requested Attorneys' Costs: | $30,348.91 |
| Reduction of Attorneys' Costs: | - $2,467.50 |
| Awarded Attorneys' Costs: | $27,881.41 |
| **Total Attorneys' Fees and Costs:** | **$67,492.52** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $67,492.52 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[10]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[10] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.